IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

RONNIE & LEANN CLIFTON
and EVAN HENDERSON                                                                      PLAINTIFFS

vs.                                                         CIVIL ACTION NO: 2:09CV130-KS-MTP

NATIONWIDE GENERAL INSURANCE COMPANY                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the following Motions to Dismiss filed by the Defendant Nationwide General Insurance Company ("Nationwide") [Doc. # 10] and memorandum in support. [Doc. #11]. The motion is unopposed. For reasons to follow, the motion to dismiss should be **granted in part and denied in part**.

### I. FACTS

In June 2008 Evan Henderson sold a vehicle to Ronnie and Leann Clifton and the Cliftons insured the car with Nationwide. *See* Def.'s Mem. Br. at 4 [Doc. # 11]. The Cliftons listed themselves as the titled owners of the vehicle and Henderson as the lienholder, when in fact, Central Sunbelt Federal Credit Union was the lienholder, Henderson was the titled owner, and the Cliftons were making monthly payments to Henderson. *Id.*

In May 2009, the vehicle was deemed a total loss due to flooding. During Nationwide's investigation, they discovered the true lienholder and required that the Cliftons submit to an Examination Under Oath to determine whether they had an insurable interest. *Id.* at 5.

1

Following its investigation, Nationwide paid the claim.[1] *Id.*

Plaintiffs brought breach of contract and bad faith claims against Nationwide in the Circuit Court of Forrest County, and Defendant removed the case to this court. The Case Management Conference, held on December 26, 2009, set deadlines for initial disclosures as December 31, 2009, but Plaintiffs have not made initial disclosures. Also, Nationwide sent interrogatories and requests for production to the Cliftons on January 6, 2010 which have gone unanswered. On April 5, 2010, the Court issued an Order granting Nationwide's Motion to Compel Discovery [Doc. # 9] and requiring the Cliftons to respond to the discovery request by April 15, 2010. Plaintiffs were cautioned that failure to respond could result in dismissal of their claims; however, the requests have still gone unanswered.

## II. STANDARD OF REVIEW

Nationwide seeks dismissal of the claims by Ronnie and Leann Clifton as a sanction for their failure to respond to discovery requests and failure to comply with the Court's Order Granting Motion to Compel Discovery entered by this court on April 5, 2010. The Federal Rules allow the district court in which the action is pending to sanction a party that does not comply with an order under Rule 37(a) granting a motion to compel discovery, including "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(v).

Nationwide also moves this Court to dismiss the claims by Evan Henderson under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

---

[1] The Defendants do not claim when the claim was paid. The State Court complaint filed by Plaintiffs alleges that the claim was not paid. Compl. ¶ 4 [Doc. # 1-3].

The 12(b)(6) motion's purpose is "to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 3d § 1356 (2004). As the Fifth Circuit has stated, "We may not go outside the pleadings. We accept all well pleaded facts as true and view them in the light most favorable to the plaintiff. We cannot uphold the dismissal 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993); (internal footnotes and citations omitted). *See also, Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994).

If any matters outside the complaint are considered, the motion is converted to one for summary judgment. Regarding such conversion, Rule 12(d) provides specifically:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

FED.R.CIV. P. 12(d). Thus, "[t]he element that triggers the conversion is a challenge to the sufficiency of the pleader's claim supported by extra-pleading material. As many cases recognize, it is not relevant how the defense actually is denominated in the motion." WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE: Civil 3d § 1366 (2004); *see also Burns v. Harris County Bail Bond Bd.*, 139 F.3d 513, 517 (5th Cir. 1998) ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."). Since the 12(b)(6) motion usually only tests the allegations of the complaint, "a post-answer Rule 12(b)(6) motion is untimely and the cases indicate that some other vehicle, such as a motion for judgment on the pleadings or for summary

3

judgment, must be used to challenge the plaintiff's failure to state a claim for relief." WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 3d § 1357 (2004). Because Nationwide filed an answer [Doc. # 2] and attached the insurance declaration page to its motion, the Court will treat this as a summary judgment motion.

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). Where the evidence establishes that one of the essential elements of the plaintiff's claim does not exist as a matter of law, any other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323; *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut by bringing forward "'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Mun. Bond Reporting Antitrust Lit.*, 672 F.2d 436,

4

440 (5th Cir. 1982); *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. FED.R.CIV.P. 56(e); s*ee also Union Planters Nat'l Leasing*, 687 F.2d at 119.

While the Local Rules require the opposing party to file a response to a motion or notify the Court of its intent not to respond, L.U. CIV. R. 7(b)(3)(A), the Fifth Circuit has cautioned that "[it has] not 'approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation.'" *Johnson v. Pettiford,* 442 F.3d 917, 918 (5th Cir. 2006).

### III. APPLICATION

#### A. Ronnie and Leann Clifton

The Cliftons' claims should be dismissed under Rule 37(b) for failure to comply with this Court's Order compelling them to comply with discovery requests. If this was a mere oversight, the Court might consider a less harsh sanction. However, the record clearly indicates that the Cliftons have not participated in this case since the Case Management Conference held in December of 2009. The Cliftons did not submit initial disclosures by December 31, 2009, as ordered by the Court in its Case Management Order. They have ignored Nationwide's discovery requests and the Court's Order to answer them. Additionally, they have failed to respond to Nationwide's Motion to Dismiss. As the Cliftons appear to have entirely abandoned this litigation, the Court finds that all claims against Nationwide brought by the Cliftons should be

dismissed.

## B. Evan Henderson

In Mississippi, the only direct action by a third party against an insurer is a declaratory judgment under Rule 57. MISS. R. CIV. P. 57(b)(2) states that "[a] contract may be construed either before or after there has been a breach thereof. Where an insurer has denied or indicated that it may deny that a contract covers a party's claim against an insured, that party may seek a declaratory judgment construing the contract to cover the claim." Subsequent Mississippi Supreme Court cases have applied Rule 57 to mean that the insurance company can only be named as a party in a third party declaratory action if coverage has been denied. *See Mississippi Mun. Liability Plan v. Jordan*, 863 So.2d 934, 942 (Miss. 2003); *Poindexter v. S. United Fire Ins. Co.*, 838 So.2d 964, 967 (Miss. 2003); *see also Peters v. State Farm Mut. Auto. Ins. Co.*, 2006 WL 126770 (N.D. Miss.) (Jan. 17, 2006) ("The Court also finds that Mississippi does not allow direct actions against insurance companies unless coverage has been denied.").

Under the law, if Henderson is a third party, his claims should be dismissed because he is not seeking declaratory judgment, and even if he was, Nationwide alleges that it paid the claim. The issue then is whether Henderson is a third party as Nationwide is asserting, or whether, as a listed lienholder, he is an additionally insured party under the policy. Whether Henderson is named as the loss payee would likely be in the insurance policy, which is not before the court at this time. If Henderson is the loss payee, then he arguably has standing to bring a direct action against Nationwide for breach of contract and bad faith. Nationwide states that it paid the claim, but does not state to whom, when, or in what amount. Therefore, Nationwide has not met

its burden to demonstrate the appropriateness of judgment as a matter of law because whether Nationwide has a contractual relationship with Henderson and whether the contract was fulfilled are genuine issues of material fact.

The Court doubts that Henderson, who is represented by the same counsel as the Cliftons, and who did not file initial disclosures or a response to this motion to dismiss, is actively pursuing this litigation. However, Nationwide's motion clearly states that the discovery was sent to the Cliftons alone. *See* Def.'s Mem. Br. at 1-2 ("On January 6, 2010, the Defendant . . . sent to the Plaintiffs Ronnie and Leann Clifton, the Defendant's First Set of Interrogatories and Request for Production of Documents."). Both Nationwide's motion and memorandum make clear that Rule 37 sanctions are offered as grounds for dismissal solely for the Cliftons' claims. As such, Nationwide's motion to dismiss Henderson's claims is denied.

### IV. CONCLUSION

IT IS, THEREFORE, ORDERED AND ADJUDGED that Defendant Nationwide General Insurance Company's Motion to Dismiss [Doc. # 10] is **granted in part and denied in part**.

IT IS FURTHERMORE ORDERED that all claims against Nationwide by Ronnie and Leann Clifton be **dismissed with prejudice.** A separate judgment will follow.

SO ORDERED AND ADJUDGED on this, the 7th day of May, 2010.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE