IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

RONNIE & LEANN CLIFTON
and EVAN HENDERSON                                                      PLAINTIFFS

vs.                                              CIVIL ACTION NO: 2:09CV130-KS-MTP

NATIONWIDE GENERAL INSURANCE COMPANY                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Summary Judgment filed by the

Defendant Nationwide General Insurance Company ("Nationwide") [Doc. # 16] and

memorandum in support [Doc. #17].  The motion is unopposed.  For reasons to follow, the

motion to dismiss should be **granted**.

## I. FACTS

In June 2008, Evan Henderson sold a vehicle to Ronnie and Leann Clifton and the

Cliftons insured the car with Nationwide.  *See* Def.'s Mot. Summ. J. II, ¶ 1 [Doc. # 16].  The

Cliftons listed themselves as the titled owners of the vehicle and Henderson as the lienholder,

when in fact, Central Sunbelt Federal Credit Union was the lienholder, Henderson was the titled

owner, and the Cliftons were making monthly payments to Henderson.  *Id.* ¶ 2.  In May 2009,

the vehicle was deemed a total loss due to flooding.  *Id.* ¶ 3.  During Nationwide's investigation,

they discovered the true lienholder and asked that the Cliftons submit to an Examination Under

Oath to determine whether they had an insurable interest.  *Id.*  The Cliftons refused to submit to

the examination or submit documents proving their ownership interest and instead filed the

present suit on June 16, 2009, for breach of contract and bad faith. *Id.* ¶ 7. While the suit was pending, the Cliftons finally submitted to the examination which was held on July 30, 2009. *Id.* ¶ 13. Following its investigation, Nationwide paid the claim. *Id.* ¶ 14. Nationwide issued checks on August 25, 2009, to Central Sunbelt Federal Credit Union for $17,223.20 and on August 18, 2009, to the Cliftons for $515.00. Def.'s Mem., Exs. Q & R [Docs. ## 17-17 & 17-18].

Plaintiffs brought their suit against Nationwide in the Circuit Court of Forrest County, and Defendant removed the case to this court. The Case Management Conference, held on December 26, 2009, set deadlines for initial disclosures as December 31, 2009, but Plaintiffs have not made initial disclosures. Because the Cliftons failed to answer interrogatories and requests for production the Court issued an Order granting Nationwide's Motion to Compel Discovery [Doc. # 9] (Apr. 5, 2010) and required that the Cliftons respond to the discovery request by April 15, 2010. Plaintiffs were cautioned that failure to respond could result in dismissal of their claims; however, the requests went unanswered. The Cliftons' claims were dismissed under Rule 37(b) for failure to comply with this Court's Order compelling them to comply with discovery requests. See Order [Doc. # 13].

Now Nationwide seeks dismissal of Henderson's claims against it. It argues that Henderson cannot maintain a direct action against Nationwide as a third party to the insurance contract. Further, even if Henderson could maintain such a suit, there is no genuine issue of material fact to support the claims of breach of contract and bad faith since the claim was paid promptly after the Cliftons cooperated with Nationwide's investigation. Henderson has failed to make initial disclosures, respond to this motion or the previous motion to dismiss, or participate whatsoever in the case since the case management conference in December.

## II. STANDARD OF REVIEW

Summary judgment is warranted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2)*; see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). To support a motion for summary judgment, "the moving party ... [has] the burden of showing the absence of a genuine issue as to any material fact." *Burleson v. Tex. Dept. of Criminal Justice,* 393 F.3d 577, 589 (5th Cir 2004). Material facts are those that "could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003) (internal citations omitted). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party" on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the court views all evidence "in the light most favorable to the non-moving party" and "draw[s] all reasonable inferences in its favor." *Breen v. Texas A&M Univ*., 485 F.3d 325, 331 (5th Cir. 2007). If the movant satisfies its initial burden, then the burden shifts back to the nonmoving party to produce evidence indicating that a genuine issue of material fact exists for each essential element of its case. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246-47 (5th Cir. 2003). The nonmovant is not entitled to merely rest on his pleadings, but must set forth "specific facts showing there is a genuine issue for trial." *DirecTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). If the nonmovant responds and still "no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni v. General Motors Corp*., 278 F.3d 448, 451 (5th Cir. 2002).

While the Local Rules require the opposing party to file a response to a motion or notify the Court of its intent not to respond, L.U. Civ. R. 7(b)(3)(A), the Fifth Circuit has cautioned that "[it has] not 'approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation.'" *Johnson v. Pettiford,* 442 F.3d 917, 918 (5th Cir. 2006).

## III. APPLICATION

Whether Henderson has standing to bring a direct action against Nationwide is unclear. In Mississippi, the only direct action by a third party against an insurer is a declaratory judgment under Rule 57. Miss. R. Civ. P. 57(b)(2) states that "[a] contract may be construed either before or after there has been a breach thereof. Where an insurer has denied or indicated that it may deny that a contract covers a party's claim against an insured, that party may seek a declaratory judgment construing the contract to cover the claim." Subsequent Mississippi Supreme Court cases have applied Rule 57 to mean that the insurance company can only be named as a party in a third party declaratory action if coverage has been denied. *See Mississippi Mun. Liability Plan v. Jordan*, 863 So.2d 934, 942 (Miss. 2003); *Poindexter v. S. United Fire Ins. Co.*, 838 So.2d 964, 967 (Miss. 2003); *see also Peters v. State Farm Mut. Auto. Ins. Co.*, 2006 WL 126770 (N.D. Miss.) (Jan. 17, 2006) ("The Court also finds that Mississippi does not allow direct actions against insurance companies unless coverage has been denied.").

Under the law, if Henderson is a third party, his claims should be dismissed because he is not seeking declaratory judgment, and even if he was, Nationwide paid the claim. The issue then is whether Henderson is a third party as Nationwide is asserting, or whether, as a listed lienholder, he is an additionally insured party under the policy. If Henderson is a loss payee as

4

listed lienholder, then he arguably has standing to bring a direct action against Nationwide for breach of contract and bad faith. Nationwide claims that its investigation led them to believe that Henderson was mistakenly listed as lienholder, and that Central Sunbelt was the true lienholder. Nationwide has not provided any evidence of Central Sunbelt's lien. Therefore, Nationwide has not met its burden to demonstrate that there is no genuine issue of material fact whether Nationwide has a contractual relationship with Henderson entitling him to bring a direct action.

Even if Henderson has standing to bring suit, however, there in no genuine issue of material fact that Nationwide breached its contract or acted in bad faith. "In any suit for a breach of contract, the plaintiff has the burden of proving by a preponderance of the evidence: 1) the existence of a valid and binding contract; and 2) that the defendant has broken, or breached it; and 3) that he has been thereby damaged monetarily." *Warwick v. Matheney*, 603 So.2d 330, 336 (Miss. 1992) (citations omitted). To show bad faith denial of insurance coverage the plaintiff must show that the insurance provider had no "legitimate or arguable reason to deny payment of the claim" and acted with malice, gross negligence, or reckless disregard of the rights of the insured. *Life & Cas. Ins. Co. of Tenn. v. Bristow*, 529 So.2d 620, 622 (Miss. 1998), *cert. denied*, 488 U.S. 1009 (1989). "Mississippi law imposes a duty upon insurers to 'conduct a reasonably prompt investigation of all relevant facts.'" *Caldwell v. Alfa Ins. Co.*, 686 So.2d 1092, 1097 (Miss. 1996) (quoting *Bankers Life & Cas. Ins. Co. v. Crenshaw*, 483 So.2d 254, 276 (Miss. 1985)). Here, Nationwide presented unrebutted evidence showing that it paid the claim following an investigation, and therefore, did not breach the contract. It also showed evidence that it did not deny the claim, but merely instituted an investigation after discovering a possible

misrepresentation as to the proper lienholder. Although three months passed between the loss and the payment of the claim, Nationwide offered evidence that it diligently pursued the investigation, and that the claim was paid less than a month after conducting the Examination Under Oath and receiving the requested documents. The burden, then, shifts to Henderson to produce evidence indicating that a genuine issue of material fact exists for these essential elements of his case. Henderson has failed to demonstrate that a genuine issue exists whether the contract was breached, whether Nationwide acted with gross negligence or reckless disregard for Henderson's rights, or whether the claim was denied, much less that it was denied for no legitimate reason. Therefore, Henderson has failed to produce specific facts showing that there is a genuine issue for trial for either Henderson's breach of contract or bad faith claims, and therefore, the motion for summary judgement should be granted and all of Henderson's claims against Nationwide should be dismissed with prejudice.

## IV.  CONCLUSION

IT IS, THEREFORE, ORDERED AND ADJUDGED that Defendant Nationwide General Insurance Company's Motion for Summary Judgment [Doc. # 16] is **granted.**

IT IS FURTHERMORE ORDERED that all claims against Nationwide by Evan Henderson be **dismissed with prejudice.**  A separate judgment will follow.

SO ORDERED AND ADJUDGED on this, the 17th day of August, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE